Martin, J.
delivered the opinion of the court. The petitioner prayed for the benefit of the "act for the benefit of insolvent debtors in actual custody;" his application was refused on the ground that it was too late, having been made after the expiration of more than thirty days after his confinement. His application admits this, but avers that the year’s residence, which is required, in order to entitle a prisoner to relief under this act, did not expire until after the lapse of the first thirty days after his confinement, and he offered evidence that, within thirty days after the year’s residence was completed, the application was made.
The court below rejected the evidence, and to its opinion on this point, the bill of exceptions, on which this case comes up, was taken.
We are of opinion that the evidence was properly rejected. If the applicant had stated that, as soon as the year’s residence was acquired, he made application, his case might have been apparently, and only apparently better, but he states that within thirty days, after the expiration of the year, he applied. This was not even *330 doing every thing in his power to comply with the requisites of the law.
Morse for the petitioner. Depeyster for the creditors.
If, by his neglect, or by the provisions of the act, he be not able to bring himself within it; it is his misfortune.
It is ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.